UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JESSICA COUNCIL, on behalf of, and as
Survivor of JUSTIN LEVY COUNCIL,

Plaintiffs,

v.

PROENERGY SERVICES, LLC, and THE
GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

Defendants.

CASE NO.: 10-360-CA

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(b)

Defendant, The Guardian Life Insurance Company of America ("Guardian") incorrectly pleaded as "Guardian Life Insurance Company," with the consent of ProEngery Services, LLC ("ProEnergy")[1] for its Notice of Removal states:

### STATE COURT ACTION

1. Plaintiffs Jessica Council on behalf of, and as Survivor of Justin Levy Council ("Plaintiffs") commenced this action on or about September 22, 2010 by the filing of a Complaint (the "Complaint") in the Circuit Court of the Second Judicial Circuit in and for Wakulla County, Florida, Case No. 10-360-CA. The Summons and

---

[1] Attached hereto as Exhibit 1 is a copy of the Notice of Consent and Joinder executed by co-defendant ProEnergy.

Complaint were served on the Florida Department of Financial Services (the "Department") by process server on September 30, 2010. The Department served Guardian's registered agent electronically on October 4, 2010. No further proceedings have occurred in this action, and the Department's Notice of Service of Process, the Summons, and the Complaint constitute the only process, pleadings or papers served in this action. Copies of the Department's Notice of Service of Process, the Summons, and the Complaint are attached collectively as **Exhibit 2**.

2. On October 4, 2010, Guardian first had knowledge of the institution of suit and for the basis of this civil action upon its receipt of the documents attached hereto as **Exhibit 2**.

3. As of the filing of this removal petition, the co-defendant, ProEnergy has not been served with a notice, summons and complaint. Removal is therefore timely under 28 U.S.C. §1446 (b) in that filing of the within petition occurred within (30) days following service of Notice of Service of Process, Summons, and Complaint.

4. Please take further notice that by effecting removal of this civil action, Guardian reserves all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, FED. R. CIV. P. 12.

5. The court's review of the Complaint will reveal that Plaintiffs allege that Justin Levy Council (the "Decedent") was an employee of ProEnergy and as such, was provided basic life insurance at no cost to the Decedent, through GE Financial, which was paid for by ProEnergy. Plaintiffs allege that the Decedent elected and paid for by way of payroll deductions, additional voluntary life insurance coverage through

Guardian, at a rate of $5.50 per month. Plaintiffs further allege that the Defendants breached and violated various duties owed the Decedent and the Plaintiff in connection with the Decedent's alleged right to supplemental benefits.

6. In the Complaint, Plaintiffs, seek to recover these supplemental benefits on the life of the Decedent under a Policy of Group Life Insurance No. 370612 issued by Guardian to Pro Energy Services, (the "Group Policy") which insured eligible employees of ProEnergy Services, LLC. A copy of the Group Policy is attached as **Exhibit 3**. The Group Policy issued by Guardian funded, in whole or in part, an employee welfare plan established and maintained by the Decedent's employer, ProEnergy, within the meaning and intent of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et. seq. The Complaint further alleges that Guardian denied in whole or in part Plaintiffs' claim for the supplemental death benefits under the Group Policy. The gravamen of the Plaintiffs claims made the subject of this action relate to an employee welfare plan.

## FEDERAL QUESTION JURISDICTION

7. Because this action involves a claim to recover benefits and to enforce rights under an employee welfare benefit plan, it is governed by ERISA. Under ERISA, this Court has concurrent original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have elapsed since Unum was served with the Complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999) (thirty day period for

removal is triggered by "simultaneous service of the summons and complaint or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

8. The Group Policy constitutes part of an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1). Five elements are required for a plan to constitute an employee welfare benefit plan under Section 1002(1):

> (1) A 'plan, fund or program' (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc). In Donovan, the Eleventh Circuit stated:

> [A] plan, fund or program [exists] under ERISA . . .if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.

Id. at 1373. The Group Policy clearly fits within this definition of a Section 1002(1) "plan, fund or program." ProEnergy established and maintained the plan by obtaining the Group Policy from Guardian to provide benefits under the plan. The intended benefits are the benefits provided under the Schedule of Benefits. The procedures for receiving benefits are those set out in the Schedule of Benefits. Schedule of Benefits is attached as part of the Group Policy as **Exhibit 3**, p. 8.

9. The Section 1002(1) requirement that an ERISA employee welfare benefit plan be "established or maintained by [the] employer" is also satisfied in this case.

ProEnergy provided the coverage through the purchase of the Group Policy and made the coverage available to all eligible employees. Further, ProEnergy chose to offer and continue the use of an insurance program as an employee benefit. See Memorial Hospital Systems v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990) (purchase of group insurance policy constituted an ERISA welfare benefit plan). Thus, it is clear that ProEnergy both established and maintained the Group Policy as required by Section 1002(1). See Donovan, 688 F.2d at 1375. Accordingly, the Group Policy constitutes part of an employee welfare benefit plan governed by ERISA.

10. ERISA defines a "beneficiary" as follows:

> [A] person designated by a participant, or by the terms of an employee benefit plan, who is or has become entitled to benefits thereunder.

29 U.S.C. §1002(8). Here, Plaintiff, Jessica Council, claims to be a beneficiary as defined by ERISA. Complaint ¶10.

11. In this action, Plaintiffs seek a determination regarding entitlement to benefits under the Group Policy, which constitutes part of an employee welfare benefit plan. Under the United States Supreme Court decisions in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the allegations in the Complaint are sufficient to bring this case within the provisions of ERISA which provides the exclusive remedy for actions within its scope and preempts all other remedies. See also 29 U.S.C. § 1144.

12. The District Courts of the United States have concurrent original jurisdiction over, and federal law under ERISA controls, actions brought to recover

benefits and enforce rights under employee welfare benefit plans. 29 U.S.C. § 1132(e)(1); Pilot Life, 481 U.S. at 55. Removal of such cases to federal court is, therefore, proper. Metropolitan Life, 481 U.S. at 67.

13. ERISA's preemptive power is so strong that all claims that relate to employee welfare benefit plans are automatically recharacterized as federal in nature and are, therefore, removable to United States District Courts. Id. Indeed, the Supreme Court's decision in Metropolitan Life has specifically abrogated, in ERISA cases, the principle that in determining removal jurisdiction, the Court will consider only a plaintiff's well-pleaded complaint. Id.; accord Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329-30 (11th Cir. 1998).

### Removal Jurisdiction

Based on a reasonable interpretation of the pleadings and the record before this Court, it is clear that this Court has subject matter jurisdiction. Accordingly, Guardian seeks that the United States District Court for the Northern District of Florida issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Dated: October 25, 2010

PETT FURMAN, PL
Attorneys for Defendant
The Guardian Life Insurance
Company of America
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, Fl 33431
(561) 994-4311
(561) 982-8985 fax

By: _____
KRISTINA B. PETT
Fla. Bar No. 0973688
kpett@pettfurman.com

## CERTIFICATE OF SERVICE

I certify that on October 25, 2010, I served a copy of this document by U.S. Mail on the following:

        Tim Howard, J.D. Ph.D.
        8511 Bull Headley Road, Suite 405
        Tallahassee, Fl 32312

        _____
        Kristina B. Pett