# EXHIBIT 2


**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


10-63055

JESSICA COUNCIL ON BEHALF OF AND AS
SURVIVOR OF JUSTIN LEVY COUNCIL

PLAINTIFF(S),

VS.

PROENERGY SERVICES, LLC AND
GUARDIAN LIFE INSURANCE COMPANY

DEFENDANT(S).
_____/
SUMMONS, ON A BUSINESS, COMPLAINT, EXHIBIT

CASE #:    10-360-CA
COURT:    CIRCUIT COURT
COUNTY: WAKULLA
DFS-SOP#: 10-63055

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 30th day of September, 2010 and a copy was forwarded by Electronic Delivery on the 4th day of October, 2010 to the designated agent for the named entity as shown below.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA
GORDON F WYLIE   (gfwylie@glic.com)
7 HANOVER SQUARE, MAIL STATION 23C
NEW YORK, NY 10004

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

DR. TIM HOWARD, J.D., PH.D.
SUITE 405
8511 BULL HEADLEY ROAD
TALLAHASSEE FL 32312

MDW

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200  -  (850) 413-4200  •  Fax (850) 922-2544

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

JESSICA COUNCIL on behalf of, and as )
Survivor of JUSTIN LEVY COUNCIL )
)
Plaintiffs, )
) CASE NO.: 10-360-CA
v. )
)
PROENERGY SERVICES, LLC, and )
GUARDIAN LIFE INSURANCE )
COMPANY, )
)
Defendants. )
_____ )

## SUMMONS ON A BUSINESS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on the above named defendants:

**GUARDIAN LIFE INSURANCE COMPANY**
c/o Florida Chief Financial Officer as RA
Service of Process Section
PO Box 6200
Tallahassee, FL 32314-6200

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or a photocopy of your written response to the Plaintiff/Plaintiff's Attorney named below:

TIM HOWARD, J.D., Ph.D.
Howard & Associates, P.A.
8511 Bull Headley Road, Ste. 405
Tallahassee, FL 32312
(850) 298-4455

DATED: this   day of September, 2010

BRENT X. THURMOND
Clerk of the Circuit Court

By: _____
As Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at telephone 305-375-5775, within two working days of your receipt of this Summons; if your are hearing impaired, call 1-800-955-8771; if your are voice impaired, call 1-800-955-8770.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contester la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defense, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes intereresadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese erder elk caso y odria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existenotros requisites legales. Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desa responder a la demanda or su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo com "Plaintiff/Plaintiff's Attorney." (Demandate O Abogado del Demanadante).

### IMPORTANT

2

Des poursuites judiciaries ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cedtte citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous estes oblige d edeposer votre reponse escrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risqué de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent wtre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immedats d'unavocet. Si vous ne connaissez pas d'avocat, vous pourriez telephone a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme un reponse ecrite, I vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse escrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

>TIM HOWARD, J.D., Ph.D.
>Howard & Associates, P.A.
>8511 Bull Headley Road, Ste. 405
>Tallahassee, FL 32312
>(850) 298-4455

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

JESSICA COUNCIL on behalf of, and as )
Survivor of JUSTIN LEVY COUNCIL )
)
    Plaintiffs, )
) CASE NO.: 10-360-CA
v. )
)
PROENERGY SERVICES, LLC, and )
GUARDIAN LIFE INSURANCE )
COMPANY, )
)
    Defendants. )

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, Jessica Council, by and through undersigned counsel, pursuant to Fla. R. Civ.P. 1.110 and Fla. R. Civ.P. 1.140, and hereby files this Complaint and as grounds states the following:

### PARTIES

1. Plaintiff, Jessica Council, is the surviving spouse and heir of Justin Levy Council, and resides in Wakulla County, Florida.

2. Plaintiff, Justin Levy Council, was the employee of Defendant, and is now deceased, and at all times material, resided in Wakulla County, Florida.

3. Defendant, ProEnergy Services, LLC ("ProEnergy"), is a limited liability company authorized to do business in Florida, with its principal place of business is in Sedalia, Missouri.

4. Defendant, Guardian Life Insurance Company ("Guardian"), is a foreign profit

1

corporation authorized to do business in Florida, with its principal place of business in New York City, New York.

5.  Defendant, ProEnergy's, Vice President and in-house General Counsel, Mr. Scott Dieball, was the Assistant General Counsel for the Enron Corporation.

## JURISDICTION AND VENUE

1.  This is an action brought pursuant to Florida law for damages in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

2.  Venue is proper pursuant to Fla. Stat. Section 47.011, as the cause of action asserted herein accrued in Wakulla County, Florida.

## GENERAL ALLEGATIONS

1.  Plaintiff, Justin Council, was an employee of the Defendant ProEnergy at all times material to this Complaint, from on or about October 2007 until on or about March 30, 2008.

2.  Plaintiff, Justin Council, received basic life insurance coverage as an employee benefit, at no cost to the employee, through GE Financial, which was paid for by Plaintiff's employer, Defendant ProEnergy.

3.  Plaintiff, Justin Council, elected and paid for additional voluntary life insurance coverage through Defendant, Guardian, which was paid by Plaintiff at the rate of $5.50 per month.

4.  The effective date of Plaintiff's basic life insurance coverage and additional voluntary life insurance coverage was October 1, 2007.

5.  Plaintiff's paycheck receipts indicate that as of October 1, 2007, Plaintiff's life insurance, dental insurance, and medical insurance premiums were all deducted from each of his

2

regular weekly paychecks.

6. On or about October 18, 2007, Defendant Guardian sent Plaintiff Justin Council a personalized Confirmation of Benefits Statement including his life insurance policy number G370612, states that Mr. Council elected to receive the additional benefits in exchange for the monetary withholdings from his paycheck. Exhibit A.

7. At all times material, Defendant ProEnergy paid regular employee wages to Plaintiff and deducted life insurance premiums for the voluntarily elected Guardian Life Insurance Policy in addition to the employer paid basic life insurance policy.

8. Consistent with his prior election, Plaintiff, Justin Council, continued to have voluntary life insurance deductions taken from his employee paycheck until his untimely death, which occurred on March 30, 2008. He had sought to address medical benefits withholding be removed from his withholds since medical benefits were not provided. He did not reference or seek to have his voluntary life insurance benefits withhold removed since he wanted these benefits for his family and they would be provided in the event of his death.

9. Plaintiff, Justin Council, was employed by Defendant, ProEnergy in Accra, Ghana, at the time of his death, and was acting in his capacity as an employee at that time.

10. Plaintiff, Jessica Council, is the surviving spouse of Plaintiff, Justin Council, and is the primary beneficiary for any and all benefits received and entitled to under Justin Council's life insurance policies described herein.

11. Plaintiff Jessica Council filed a claim on behalf of Plaintiff Justin Council demanding the policy limits she is entitled to on or about July 30, 2009.

12. Defendants ProEnergy and Guardian have acted in bad faith in unreasonably denying the policy limits rightfully owed, and thereby breaching its fiduciary duty owed to

3

Plaintiff Justin Council. In fact, after the complaint was filed with the Florida Department of Financial Services, as required by Florida statute, Defendant Guardian sent proceeds on one policy that was previously denied.

13. Defendant, ProEnergy, in an effort to avoid distributing the rightfully owed benefits to Plaintiff, asserted to Plaintiff, Jessica Council, that Plaintiff, Justin Council, did not elect any benefits neither employer or self paid.

14. Defendant, ProEnergy, in an effort to avoid distributing the rightfully owed benefits to Plaintiff, relies on the assertion that they "refunded" Plaintiff's life insurance premiums some thirty-six days after Plaintiff's untimely death.

15. On or about November 10, 2009, Defendant Guardian notified Plaintiff Jessica Council that it needed an extension to February 6, 2010, to complete the evaluation of Plaintiff's claim.

16. On or about August 26, 2010, Ms. Leann Boylan, Guardian Life Insurance Group Claims Division affirmatively denied any benefits for optional life insurance stating "Justin did not pay for any additional voluntary life insurance coverage." This is despite the fact that withholds for the life insurance were taken from Justin, and despite the fact that they attempted to return the withholds after his death.

## COUNT I: BREACH OF CONTRACT

1. Plaintiff reaffirms and realleges paragraphs 1-16 above as if fully set forth herein.

2. Plaintiff has a contractual relationship with Defendants ProEnergy Services, LLC, and Guardian Life Insurance Company, in that Plaintiff agreed to pay for benefits for which he has not received.

3. Defendants' ProEnergy and Guardian clearly offered life insurance benefits for

4

Plaintiff's purchase.

4. Plaintiff, Justin Council, clearly accepted Defendants' offer of life insurance benefits, as evidenced by Plaintiff's good and valuable consideration paid to Defendant ProEnergy.

5. Plaintiff relied upon the representations made by Defendants, in that he believed he was paying for and receiving life insurance benefits, to his detriment.

6. Defendant ProEnergy and Guardian have materially breached their contracts with Plaintiff in denying him his rightfully owed benefits under the life insurance policies referenced herein.

7. As a result of the Defendants' breach of contract, Plaintiff has suffered damages amounting to over $100,000.00.

## COUNT 2: BAD FAITH

1. Plaintiff reaffirms and realleges paragraphs 1-16 above as if fully set forth herein.

2. Defendants' ProEnergy and Guardian have acted in bad faith in that they breached their fiduciary duty owed to Plaintiff by unreasonably denying Plaintiff's claim.

3. Defendants have not attempted in good faith to settle this claim when, under all the circumstances, they could and should have done so, had they acted fairly and honestly toward their insured and with due regard for his interests.

4. Defendants have failed to promptly settle this claim, when the obligation to settle this claim is reasonably clear.

5. Defendant ProEnergy has schemed to avoid paying Plaintiff the policy limits by falsely stating that Plaintiff cashed a check representing a "refund" of insurance premiums paid by Plaintiff Justin Council. This "refund" was forced into Plaintiff Jessica Council's bank

account approximately thirty-six days after the Plaintiff Justin Council had been deceased.

6. Defendant ProEnergy's false statement further evidences its bad faith as Defendant directly deposited funds in Plaintiff Jessica Council's bank account without her consent or knowledge, and against her will.

7. Therefore, Defendants' have acted in bad faith in denying Plaintiff's life insurance claim by stating that no policy exists, thus causing Plaintiff to suffer additional damages including mental anguish, pain and suffering, court costs, and attorney's fees.

8. Plaintiff is entitled to damages from the Defendants which are the natural, proximate, probable, or direct consequences of the Defendants' bad faith actions.

## COUNT 3: MENTAL PAIN AND SUFFERING; ATTORNEY'S FEES

1. Plaintiff reaffirms and realleges paragraphs 1-16 above as if fully set forth herein.

2. Defendants' ProEnergy and Guardian have acted in bad faith in that they breached their fiduciary duty owed to Plaintiff by unreasonably denying Plaintiff's claim.

3. Defendants' bad faith actions are the direct and proximate cause of Plaintiff's emotional distress, and mental pain and suffering.

4. Plaintiff is entitled to reasonable attorney's fees in addition to any compensatory and extraordinary damages pursuant to Florida law as Defendants' have acted in bad faith in denying Plaintiff's claim unreasonably.

WHEREFORE, the Plaintiff prays that this Honorable Court take jurisdiction over this matter, enter judgment against Defendants, and award Plaintiff its compensatory damages, extraordinary damages, reasonable attorney's fees and costs to the extent permitted by law.

## COUNT 4: DECEPTIVE AND UNFAIR TRADE PRACTICES

1. Plaintiff reaffirms and realleges paragraphs 1-16 above as if fully set forth herein.

6

2. Defendants ProEnergy and Guardian have engaged in deceptive and unfair trade practices by leading its employees to believe the certain life insurance policies and benefits are in place, when in fact they may not be.

3. Defendants are guilty of violating Section 501.204, Fla. Stat. (2009) for engaging in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

4. Plaintiff is entitled to reasonable attorney's fees for bringing this action against Defendants pursuant to Section 501.2105, Fla. Stat. (2009).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this __22nd__ day of September 2010.

HOWARD & ASSOCIATES, P.A.

By: _____

Tim Howard, J.D. Ph.D.
Florida Bar No.: 0655325
Florida Office:
8511 Bull Headley Road, Suite 405
Tallahassee, FL 32312
Telephone: (850) 298-4455
Facsimile: (850) 216-2537

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by United States Mail to Scott Dieball, General Counsel, ProEnergy Services, LLC, 616 FM1960 West, Suite 750, Houston, TX 77090, and to Leann Boylan, Group Life Claims, Guardian Insurance

7

Company, P.O. Box 26035, Lehigh Valley, PA 18002-6035, on this __22nd__ day of September, 2010.

By: _____
Tim Howard, J.D., Ph.D.

# EXHIBIT A


GUARDIAN

October 18, 2007

Mr. JUSTIN L COUNCIL
317 FLORENCE DR
DEFUNIAK SPRINGS, FL 32433

Dear Mr. Council:

Enclosed is your personalized Confirmation of Benefits Statement. This statement provides a brief overview of the Guardian benefits that you have elected. Details about your benefits, including plan provisions and exclusions, are contained in the Certificate Booklet provided by your employer.

The benefit amounts and elections are as of the effective dates provided. Amounts listed are approved and do not include amounts requiring further underwriting. An updated Confirmation of Benefits will be sent as additional amounts are approved.

Pay-period cost information is provided as follows:
- Actual pay-period cost - is listed for Voluntary benefits where you pay most, if not all, of the premium directly through payroll deduction. This amount is the total cost of the benefit, not necessarily the portion deducted by your employer.
- Partial - is listed when your employer shares a substantial portion of the total cost.
- Er Pd Premium - is listed when your employer pays the entire cost for you.

If you have any questions or concerns, please call 1-888-600-1600 and a Guardian Representative will be happy to assist you. We look forward to providing you with high quality benefits and service you can depend on.

Regional Sales Office:   052
Regional Home Office:   SP



## GUARDIAN

Confirmation of Benefits
For
JUSTIN L. COUNCIL

PRO ENERGY SERVICES, LLC
Group Plan 370612
Division 0000

```
Basic Life              Effective date*    Employee         Spouse       Children)
Coverage                10-01-2007         $20,000.00       N/A          N/A
Monthly    Cost                            Er Pd Px


Voluntary Life          Effective date*    Employee         Spouse       Child(ren)
Coverage                10-01-2007         $100,000.00      $10,000.00
Monthly    Cost                            $5.50


Dental                  Effective date*    Employee         Spouse       Child(ren)
Coverage                10-01-2007         PPO              Elected      Elected
Monthly    Cost                            Partial


Vision                  Effective date*    Employee         Spouse       Child(ren)
Coverage                10-01-2007         Elected          Elected      Elected
Monthly    Cost                            Partial


AD&D Basic              Effective date*    Employee
Coverage                10-01-2007         $20,000.00
Monthly    Cost                            Er Pd Px
```

Your elected benefits are contingent upon you satisfying the plan's eligibility and
effective date requirements.

Your initial total Monthly cost for all these voluntary benefits is            $5.50

*This effective date represents the last change date for this benefit and may not be the
original effective date of coverage.